PAUL J. LEEDS, ESQ. (SBN 214309)
pleeds@fsl.law
MEREDITH KING, ESQ. (SBN 280043)
mking@fsl.law
FRANKLIN SOTO LEEDS LLP
444 West C Street, Suite 300
San Diego, California 92101
Tel: 619.872.2520
Fax: 619.566.0221

*Attorneys for River Falls, LLC,
Private Mortgage Lending, Inc., and
The Armbrust Living Trust*

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re,<br><br>MONIKA KERBER PEREZ,<br><br>Debtor. | Case No: 25-04318-CL7<br><br>CHAPTER 7<br><br>***EX PARTE* APPLICATION FOR EXTENSION OF TIME TO OBJECT TO DISCHARGE** |

In March, 2020, three lenders—River Falls, LLC, Private Mortgage Lending, Inc., and the Armbrust Living Trust (collectively "Secured Creditors")—made a secured loan in the amount of $1,600,000 ("Loan") to Villa Chardonnay Horses with Wings, Inc. ("Villa Chardonnay"), a debtor in the related Chapter 11 Case No. 3:25-bk-04245-JBM11 (Villa Chardonnay's "Bankruptcy"). Chapter 7 Debtor Monika Kerber Perez signed Secured Creditors' note and deed of trust as Villa Chardonnay's president and director, and the Loan was secured by a priority interest in Villa Chardonnay's real property located at 4554 Boulder Creek Road, Julian, California 92036 and 4430 Boulder Creek Road, Julian, California 92036 ("Boulder Creek").

In Villa Chardonnay's Bankruptcy, Ms. Perez has represented that she might attempt to characterize Secured Creditor's Loan as an individual liability subject to discharge in this case. While Secured Creditors dispute Ms. Perez's contentions, if she now takes the position that the Villa Chardonnay Loan is her individual liability, then representations made by Ms. Perez in connection with the Loan were materially false, and any personal liability for the Loan is not dischargeable. However, further investigation is needed, including because Ms. Perez has at times indicated that she does not dispute payment of the Loan as a liability of Villa Chardonnay. Representations Ms. Perez made at 341(a) hearings held in connection with Villa Chardonnay's Bankruptcy further indicate Ms. Perez may not have disclosed all individual assets in this case and/or has failed to maintain adequate books and records. However, further investigation on this is needed as well.

Accordingly, by and through their undersigned counsel, Secured Creditors hereby request, pursuant to Fed. Rs. Bankr. P. 4004(b)(1) and 4007(c), that the Court extend Secured Creditors time to file a complaint under 11 U.S.C. §§ 523 or 727[1] to **March 15, 2026**. This *ex parte* application is supported by the memorandum of points and authorities set forth below and the declaration of Meredith King, Esq. ("King Decl.") filed herewith.

I.  BACKGROUND

    A.    **Secured Creditor's Villa Chardonnay Bankruptcy Claim**

Villa Chardonnay filed its Chapter 11 Bankruptcy on October 14, 2025. In its Schedule D, it listed debts owed to Secured Creditors in an unknown amount and identified them as "disputed." [*See* Villa Chardonay Bankruptcy, Doc. 1, Sch. D, pgs. 21, 27, and 30.] While Ms. Perez did not individually guarantee the Loan, Villa Chardonnay also identified Ms. Perez as a co-debtor on these debts in its Sch. H. [Villa Chardonnay

---

[1] All citations herein are to Title 11 of the United States Code unless otherwise stated.

Bankruptcy, Doc. 1, Sch. H, pgs. 44-45.]

On November 19, 2025, Ms. Perez testified at an initial 341(a) meeting of creditors that despite identifying amounts owed to Secured Creditors as disputed, there was no dispute regarding the claims. [King Decl., ¶ 5 and Ex. 1, pgs. 84-85.] Villa Chardonnay's initial 341(a) was then continued to December 11, 2025 to provide Villa Chardonnay an opportunity to amend its schedules and provide additional documents and information to the Office of the United States Trustee. [King Decl,. ¶ 6.] Villa Chardonnay's 341(a) meeting was then further continued to January 7, 2026 at Villa Chardonnay's request (and over Secured Creditors' objection). [King Decl., ¶¶ 7-8.]

Secured Creditors filed a claim in Villa Chardonnay's Bankruptcy on December 23, 2025 in the amount of $1,745,578.10. [*See* Villa Chardonnay Bankrputcy, Claim No. 7 ("Claim").] Secured Creditors' Claim is fully secured, the Loan has matured, and no objection to the claim has been filed.

**B.      Discussions Regarding Secured Creditors' Villa Chardonnay Claim**

On or around November 12, 2025, Villa Chardonnay's general bankruptcy counsel, Mr. Michael Totaro, contacted counsel for Secured Creditors to inquire about a potential purchase of Secured Creditors' note. [King Decl., ¶ 9.] Between November and approximately December 15, 2025, counsel discussed potential terms. Ultimately, no agreement was reached, including because Secured Creditors were advised that the identity of the buyer would not be disclosed "under any circumstances" and that it was anticipated that payment would be made from Mr. Totaro's trust account. [King Decl., ¶¶ 10-11.]

During these discussions, on December 11, 2025, Mr. Totaro advised that if Secured Creditors' note was not purchased, Villa Chardonnay anticipated objecting to the allowance of the Claim as Villa Chardonnay understood it to be an individual liability of Ms. Perez subject to discharge in her individual bankruptcy. [King Decl, ¶ 12.] On December 12, 2025, counsel for Secured Creditors emailed Mr. Totaro and requested additional information on this position. [King. Dec., ¶ 13, Ex. 5.] In response,

Mr. Totaro advised that because Ms. Perez signed the note "individually" Secured Creditors were not entitled to a lien against Boulder Creek. [King Decl., ¶¶ 14-15, Ex. 6.] It remains unclear on what basis Villa Chardonnay is claiming (or claimed) the note was signed individually.

### C. Villa Chardonnay's Continued 341(a) Meeting

A continued 341(a) meeting was held in Villa Chardonnay's Bankruptcy on January 7, 2026. At the meeting, Ms. Perez again testified that she did not dispute any amounts owed to Villa Chardonnay on the Loan. [King Decl., ¶ 18.] Ms. Perez further provided testimony indicating she potentially held an interest in a trust set up for her benefit by her father. It was also revealed that Villa Chardonnay reported the payment of a substantial amount of wages on in its 2024 tax return, which were not fully explained. Finally, Ms. Perez indicated she received cash donations each month that she used to either pay personal expenses or to fund Villa Chardonnay's operations, and it was unclear from her testimony how gifts to her personally were seperately accounted for as opposed to donations to Villa Chardonnay. [King Decl, ¶ 19.] Villa Chardonnay's 341(a) meeting was concluded on January 7, 2026, however, it was noted on the record that several document requests remained outstanding. [King Decl., ¶ 20.]

### D. Ms. Perez's Individual Bankruptcy Filing

Ms. Perez filed a petition for relief in the above captioned bankruptcy proceeding on October 20, 2025. Ms. Kerber did not list any interest in the Boulder Creek property in her Sch. A/B, nor did she identify any interest in Villa Chardonnay or any interest in any trust. [*See* Doc. 1, Sch. A/B, pgs. 9-19.] However, in her Sch. D, Ms. Perez identified Secured Creditors as her individual creditors and, in her Sch. I/J, Ms. Perez identified herself as Villa Chardonnay's President, receiving a salary of $700 per month. [Doc 1, Sch. I/J, pg. 40-41.] Notably, this appears to contradict both Villa Chardonnay's tax records and representations made in Villa Chardonnay's bankruptcy regarding insider compensation for which Ms. Perez sought approval. [*See* King Decl., ¶ 19 and Villa Chardonnay Bankruptcy, Doc 41, pgs. 2-3 (noting that Ms. Perez does not receive

compensation).]

An initial 341(a) meeting of creditors was held and concluded in Ms. Perez's individual bankruptcy on November 19, 2025—prior to any disputes arising in December 2025 regarding the administration of Secured Creditors' Villa Chardonnay Claim and prior to Ms. Perez's testimony at Villa Chardonnay's January 7, 2026 341(a) meeting. Since that time, as is set forth above, additional facts have come to light which indicate Ms. Perez may attempt to characterize Secured Creditor's Loan as an individiual liability, giving rise to claims of nondischargeability, and which indicate representations in Ms. Perez's schedules may not have been accurate. Additional time is needed for Secured Creditors to investigate these claims.

### E. Continued Investigations of Villa Chardonnay's and Mr. Perez's Financial Affairs

After counsel met and conferred on December 11, 2025, counsel for Secured Creditors requested Villa Chardonnay's bank records and, on January 6, 2026, Secured Creditors' counsel requested Villa Chardonnay's corporate records. However, to date, these records have not been received. [King Decl., ¶¶ 21-23.] Secured Creditors now believe Rule 2004 examinations to Villa Chardonnay and third parties may be necessary to fully investigate Villa Chardonnay's financial affairs. [King Decl., ¶ 24.] Motion work may also be necessary in Villa Chardonnay's Bankruptcy to ensure Secured Creditors' Loan is administered in accordance with the terms of their loan documents. In the interim, as is discussed more fully below, a continuance of Secured Creditors' deadline to object to Ms. Perez's discharge is appropriate to ensure Secured Creditors' rights with respect to Ms. Perez's individual liability are preserved.

### II. CAUSE EXISTS TO EXTEND SECURED CREDITORS' TIME TO FILE A §§ 523 AND/OR 727 COMPLAINT

The deadline by which creditors must file any complaint objecting to Ms. Perez's discharge under §§ 523 or 727 is currently set for **January 20, 2026.** [*See* Doc 8.] However, on timely motion, Rules 4004(b) and 4007(c) authorize the extension of these

deadlines for cause. *See Anwar v. Johnson*, 720 F.3d 1183, 1189 (9th Cir. 2013) ("[A] party may file a nondischargeability complaint under [] § 523 outside the sixty-day window established by FRBP 4007(c) if, and only if, she files a motion showing good cause for an extension before the sixty-day period lapses."). What constitutes "cause" is not defined in the Bankruptcy Code; however, courts generally consider factors such as whether the creditor has the information needed to file an objection, the complexity of the case, whether the creditor has been diligent, whether the debtor has in bad faith refused to cooperate with the creditor, and the possibility that proceedings pending in another forum will result in collateral estoppel on relevant issues. *See In re Farhid*, 171 B.R. 94, 96 (N.D. Cal. 1994); *In re Nowinski*, 291 B.R. 302, 306 (Bankr. S.D.N.Y. 2003); *see also In re Beckerman*, No. 25-11549 (JPM), 2025 WL 3282371, at *4 (Bankr. S.D.N.Y. Nov. 25, 2025). On balance, these factors weigh in favor of continuing Secured Creditors' deadline.

  As is set forth above, Secured Creditors have not yet received all of Villa Chardonnay's financial or corporate records, and Rule 2004 examinations of Villa Chardonnay and third parties are likely required. Secured Creditors cannot fully assess Ms. Perez's individual liability on the Loan and whether Ms. Perez misrepresented assets or liabilities on her schedules until this information is received. Secured Creditors have acted promptly to file their Claim in Villa Chardonnay's bankruptcy, have attended all 341(a) meetings, and have promptly requested relevant information from Villa Chardonnay's counsel. However, issues pending in these interrelated bankruptcies are complex, and there have been delays arising from Villa Chardonnay's inability to appear at 341(a) meetings of creditors, Villa Chardonnay's conflicting statements regarding Secured Creditors' Claim, and Villa Chardonnay's inability or failure to produce documents. Cause therefore exists to continue Secured Creditors' deadline to object to Ms. Perez's discharge. Notably, this extension would in no way prejudice Ms. Perez as the Chapter 7 trustee's deadline to object to her discharge has already been extended to the date requested.

## III. CONCLUSION

Secured Creditors' strong preference is to be paid the full value of their over secured, matured Loan from Villa Chardonnay's bankruptcy estate without the need for engaging in time consuming and costly dischargeability litigation. However, if Ms. Perez asserts the Loan is an individual liability subject to discharge in this proceeding, Secured Creditors must preserve their rights to pursue Ms. Perez for representations made in connection with the Loan and to ensure her individual assets and liabilities are fully disclosed. Accordingly, the Court should grant Secured Creditors' timely application and extend Secured Creditors deadline to file a complaint under §§ 523(a) and 727 to **March 15, 2026**.

Dated: January 14, 2026                    Respectfully submitted,

FRANKLIN SOTO LEEDS LLP

*/s/ Meredith King*
Meredith King

*Attorneys for River Falls, LLC,*
*Private Mortgage Lending, Inc., and*
*The Armbrust Living Trust*