1  Leslie T. Gladstone, Esq.  (SBN 144615)
2  Christin A. Batt, Esq.  (SBN 222584)
   Andrew B. Levin, Esq. (SBN 290209)
3  FINANCIAL LAW GROUP
   5656 La Jolla Blvd.
4  La Jolla, CA 92037
5  Telephone: (858) 454-9887
   Facsimile: (858) 454-9596
6  E-mail:  AndrewL@flgsd.com
7
8  Attorneys for Leslie T. Gladstone, Chapter 11 Trustee for the
   Estate of Villa Chardonnay Horses With Wings, Inc.
9

10              UNITED STATES BANKRUPTCY COURT

11              SOUITHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| In re:<br><br>MONIKA KERBER PEREZ,<br><br>Debtor.<br>——————————————————————<br>LESLIE T. GLADSTONE, CHAPTER 11 TRUSTEE FOR THE ESTATE OF VILLA CHARDONNAY HORSES WITH WINGS, INC.,<br><br>Moving Party<br>——————————————————————<br>MONIKA KERBER PEREZ, Debtor, and GERALD H. DAVIS, Chapter 7 Trustee,<br><br>Respondent(s) | Case No.: 25-04318-JBM7<br><br>RS No. ABL-1<br><br>**MOTION OF LESLIE T. GLADSTONE, CHAPTER 11 TRUSTEE FOR THE ESTATE OF VILLA CHARDONNAY HORSES WITH WINGS, INC. FOR RELIEF FROM THE AUTOMATIC STAY *NUNC PRO TUNC* TO FEBRUARY 24, 2026**<br><br>[11 U.S.C. § 362(d); Fed. R. Bankr. P. 4001(a)(1)]<br><br>Dept:        Two (2)<br>Honorable J. Barrett Marum |

1  Leslie T. Gladstone, the chapter 11 trustee ("**Trustee Gladstone**") in the

2  bankruptcy case  of Villa Chardonnay Horses with Wings, Inc. ("**Villa**

3  **Chardonnay**"), Case No. 25-04245-JBM11(the "**Villa Chardonnay Case**"), submits

4  this motion for relief from the automatic stay *nunc pro tunc* to February 24, 2026 (the

5  "**Motion**").

6  Pursuant to the Motion, Trustee Gladstone seeks relief from stay in the above-

7  captioned bankruptcy case (the "**Perez Case**") in order to (i) terminate the tenancy at

8  will of debtor Monika Kerber Perez ("**Perez**") in that certain real property commonly

9  known as 4554 Boulder Creek Road, Julian, CA 92036 and 4430 Boulder Creek

10  Road, Julian, CA 92036 (collectively, the "**Real Property**") and (ii) file an adversary

11  proceeding in the Villa Chardonnay Case against Perez for turnover of the Real

12  Property and for the issuance of a writ of execution for possession of the Real

13  Property.  This Motion is supported by the Declaration of Leslie T. Gladstone (the

14  "**Gladstone Declaration**"), filed concurrently herewith, by the following

15  memorandum of points and authorities, and the record before the Court.[1]

## I.

## INTRODUCTION

18  The Real Property is property of the estate in the Villa Chardonnay Case.

19  Trustee Gladstone seeks relief from the automatic stay to terminate Perez's

20  occupancy of the Real Property.  Perez lives on the Real Property without paying rent

21  and without any agreement establishing a term of occupancy; a tenancy at will under

22  California law.  The existence of a tenancy at will is sufficient cause for relief from

23  stay to terminate the tenancy.  Accordingly, Trustee Gladstone is entitled to stay

[1]   Trustee Gladstone respectfully requests, pursuant to Rule 201 of the Federal Rules of Evidence, made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, that the Court take judicial notice of the case docket and each of the pleadings and other documents on file in both the Villa Chardonnay Case and the Perez Case.

relief to terminate Perez's occupancy of the Real Property.  Further, Trustee Gladstone is entitled to retroactive stay relief to February 24, 2026, the date of service to Perez of a termination notice.  Such relief will not be detrimental to the rights and interests of Perez or Perez's bankruptcy estate and will promote efficiency for the benefit of Villa Chardonnay's bankruptcy estate by allowing Trustee Gladstone to proceed with the tenancy termination without incurring unnecessary costs or delay.

**II.**

**STATEMENT OF FACTS**

**A.      THE VILLA CHARDONNAY CASE**

On October 14, 2025, Villa Chardonnay filed a voluntary chapter 11 bankruptcy petition as debtor-in-possession, initiating the Villa Chardonnay Case in the United States Bankruptcy Court for the Southern District of California (the "**Court**").  Perez signed the Petition, Schedules, and the Statement of Financial Affairs in the Villa Chardonnay Case as president of Villa Chardonnay. [Case No. 25-04245-JBM11, ECF No. 1, 37]

In its Schedule A/B, Villa Chardonnay disclosed fee simple ownership of the Real Property.  [Case No. 25-04245-JBM11, ECF No. 37, Schedule A/B at #55] The Real Property includes two structures, one of which is used by Perez and third party Mercedes Flores ("**Flores**") as their residence.

On January 29, 2026, the Court entered the *Order Approving the Appointment of Chapter 11 Trustee*, commencing Trustee Gladstone's appointment as chapter 11 trustee in the Villa Chardonnay Case. [Case No. 25-04245-JBM11, ECF No. No. 89]

**B.      THE PEREZ CASE**

On October 20, 2025, Perez filed a voluntary chapter 7 bankruptcy petition, initiating the Perez Case.  [Case No. 25-04318-JBM7, ECF No. 1]  On or about October 21, 2025, Gerald H. Davis was appointed chapter 7 trustee (the "**Perez**

1   **Estate Trustee**") of the Perez bankruptcy estate (the "**Perez Estate**"). [Case No. 25-

2   04318-JBM7, ECF No. 8].  The Perez Estate Trustee has filed a No Distribution

3   Report. [Case No. 25-04318-JBM7, ECF No. 46].

4        In her Petition, as further amended, Perez disclosed that she lived on the Real

5   Property.  [Case No. 25-04318-JBM7, ECF No. 1, 22]

6        In her Schedule A/B, Perez did not assert any interest in the Real Property.

7   [Case No. 25-04318-JBM7, ECF No. 1, 43, Schedule A/B at #1]

8        In her Schedule G, Perez did not disclose any unexpired lease for the Real

9   Property.  [Case No. 25-04318-JBM7, ECF No. 1, Schedule G]

10       In her Schedule J, Perez disclosed that she did not pay any rent to Villa

11  Chardonnay for the Real Property.  [Case No. 25-04318-JBM7, ECF No. 1, Schedule

12  J at #4]

13       Perez also disclosed that she has not lived anywhere other than the Real

14  Property in the three years preceding the initiation of the Perez Case.  [Case No. 25-

15  04318-JBM7, ECF No. 1, Statement of Financial Affairs at #2]

16       Since the initiation of the Villa Chardonnay Case, neither Perez nor Flores has

17  paid rent to the Villa Chardonnay bankruptcy estate or to Trustee Gladstone for use

18  or occupancy of the Real Property.

19       As set forth below, because Perez occupies the Real Property without paying

20  rent and without any agreement with Villa Chardonnay specifying the term of the

21  occupancy, she has a tenancy at will under California law.

22  **C.     ACTIONS TO TERMINATE TENANCY IN THE REAL PROPERTY**

23       Trustee Gladstone has determined that the Real Property holds substantial

24  value for the Villa Chardonnay bankruptcy estate (the "**Villa Chardonnay Estate**")

25  and that it is in the best interest of the Villa Chardonnay Estate to market and sell the

26  Real Property without Perez's further tenancy.

27       On February 24, 2026, Trustee Gladstone caused both Perez and Flores to be

28

personally served at the Real Property with a 60-Day Notice to Terminate Tenancy (the "**Termination Notice**"), pursuant to which Trustee Gladstone provided both Perez and Flores with sixty (60) days' notice of the termination of their possession, occupancy, and/or tenancy of the Real Property in accordance with California Civil Code sections 1946, 1946.1, and 1946.2.  A copy of the Termination Notice is attached as Exhibit 1 to the Gladstone Declaration.  A copy of the proof of service of the Termination Notice is attached to the Gladstone Declaration as Exhibit 2.  Pursuant to the terms of the Termination Notice and in accordance with California law, the termination date is April 25, 2026 (the "**Termination Date**").

In order to address any issues that may arise if Perez and Flores refuse to vacate the Real Property by the Termination Date, Trustee Gladstone also intends to initiate an adversary proceeding (the "**Adversary Proceeding**") in the Villa Chardonnay Case against Perez and Flores for (i) turnover of the Real Property as property of the Villa Chardonnay Estate pursuant to 11 U.S.C. § 542 and (ii) the issuance by the Court of a writ of execution for possession of the Real Property.

### III.

### CAUSE EXISTS TO GRANT RELIEF FROM THE AUTOMATIC STAY

Upon the initiation of a bankruptcy, the automatic stay, pursuant to 11 U.S.C. § 362(a), operates as a stay against certain collection efforts, including:

> (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> . . .
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; . . .
>
> (6) any act to collect, assess, or recover a claim against the debtor that

arose before the commencement of the case under this title . . .

11 U.S.C. § 362(a).

Trustee Gladstone is entitled to relief from the automatic stay to terminate Perez's tenancy at will in the Real Property and to initiate the Adversary Proceeding pursuant to 11 U.S.C. § 362(d), which provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . .

11 U.S.C. § 362(d); *In re Mense*, 509 B.R. 269, 277-278 (Bankr. C.D. Cal. 2014) ("Section 362(d)(1) directs the court to grant relief from the automatic stay upon a showing of 'cause.'").  "What constitutes 'cause' for granting relief from the automatic stay is decided on a case-by-case basis." *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009); *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) ("'Cause' has no clear definition and is determined on a case-by-case basis."). The party requesting stay relief must establish a prima facie case for 'cause' and "[o]nce a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted." *In re Mense*, 509 B.R. at 278.

## A.  THE EXISTENCE OF A TENANCY AT WILL CONSTITUTES SUFFICIENT CAUSE FOR RELIEF FROM STAY.

Courts regularly find that a debtor's tenancy at will is sufficient cause to modify the automatic stay to allow the property owner to terminate tenancy upon proper notice. *In re Schewe*, 94 B.R. 938, 950 (Bankr. W.D. Mich. 1989) ("[W]hen a debtor-lessee and a lessor have entered into a tenancy at will relationship, and the landlord desires to terminate the tenancy under applicable state law, 'cause' exists to

modify the stay to permit the lessor to exercise its rights."); *In re Bowman*, 555 B.R. 918, 924, n. 7 (Bankr. S.D. Ga. 2016) ("Courts have found the existence of 'cause' to permit a landlord relief from the automatic stay to terminate a tenancy at will because the landlord's ability to terminate the tenancy at his option is not affected by a bankruptcy filing."); *In re Nittolo*, Case No. 11-14070-WHD, 2012 Bankr. LEXIS 2410, *8 (Bankr. N.D. Ga. March 16, 2012) (granting relief from stay to allow landlord to terminate debtor's tenancy at will pursuant to applicable state law).

**B.     PEREZ HAS A TENANCY AT WILL SUBJECT TO TERMINATION AT WILL AND THUS SUFFICIENT CAUSE EXISTS FOR RELIEF FROM STAY.**

"As a general rule, bankruptcy law leaves the allocation of property rights in the assets of a bankruptcy estate to the state laws that create and define those property rights."  *In re Iron-Oak Supply Corp.*, 169 B.R. 414, 417 (Bankr. E.D. Cal. 1994). Under California law, "[a] permissive occupation of real estate, where no rent is reserved or paid and no time agreed on to limit the occupation, is a tenancy at will." *Borden v. Stiles*, 92 Cal. App. 5th 337, 347-348 (2023); *Covina Manor, Inc. v. Hatch*, 133 Cal. App. 2d Supp. 790, 792, 284 P.2d 580 (1955) (same).  Based on the following facts that Perez has disclosed under penalty of perjury, Perez's occupancy of the Real Property is a tenancy at will:

- Perez lives on the Real Property. [Case No. 25-04318-JBM7, ECF No. 1, 22]

- No lease between Perez and Villa Chardonnay regarding the Real Property existed as of the Petition Date. [Case No. 25-04318-JBM7, ECF No. 1, Schedule G]

- Perez does not pay Villa Chardonnay rent for the Real Property.  [Case No. 25-04318-JBM7, ECF No. 1, Statement of Financial Affairs at #2]

- Perez has no asserted interest in the Real Property.  [Case No. 25-04318-

JBM7, ECF No. 1, 43, Schedule A/B at #1]

Pursuant to California Civil Code Section 1944, "[i]n the absence of any agreement respecting the length of time or the rent, the hiring [of real property] is presumed to be monthly." Cal. Civ. Code § 1944.  Pursuant to California Civil Code Section 1946, "as to tenancies from month to month either of the parties may terminate the same by giving at least 30 days' written notice thereof at any time and the rent shall be due and payable to and including the date of termination." Cal. Civ. Code §1946.  However, if the occupant has occupied the property for more than one year, the owner must give notice at least sixty (60) days prior to the termination date. Cal. Civ. Code § 1946.1(b).

Since there is no agreement between Perez and Villa Chardonnay regarding the Real Property, Perez's occupancy of the Real Property is monthly and can be terminated at will with proper notice under California law.  Perez has no contractual right to an indefinitely continued occupancy of the Real Property.  Accordingly, cause exists for the Court to grant relief from stay to allow Trustee Gladstone to terminate Perez's occupancy of the Real Property through both California termination procedures and through the initiation of the Adversary Proceeding.

**C.    RELIEF FROM STAY *NUNC PRO TUNC* TO THE DATE OF THE TERMINATION NOTICE IS APPROPRIATE.**

In the Ninth Circuit, bankruptcy courts have "wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 572 (9th Cir. 1992), *superseded by statute on other grounds as stated in Four Rivers Invs., Inc. v. United States,* 77 Fed. Cl. 592, 600 (2007).  In order to determine whether retroactive relief from stay is appropriate, courts "'engage[] in a case by case analysis . . . [and] balance[] the equities in order to determine whether retroactive annulment is justified.'" *Von Neitsch v. Naysan (In re Von Neitsch)*, BAP No. CC-25-1109-CNS,

2026 Bankr. LEXIS 187, *11 (B.A.P. 9th Cir. Jan. 28, 2026) *quoting In re Nat'l Envtl. Waste Corp.,* 129 F.3d 1052, 1055 (9th Cir. 1997).  In doing so, courts in the Ninth Circuit have articulated a non-exclusive list of factors to consider, including (i) whether retroactive relief "will cause irreparable injury to the debtor," (ii) whether "stay relief will promote judicial economy or other efficiencies," and (iii) how quickly the movant moved for relief from stay.  *Fjeldsted v. Lien (In re Fjeldsted)*, 293 B.R. 12, 25 (B.A.P. 9th Cir. 2003).  "The factors set forth in *Fjeldsted* focus heavily on the good faith of the parties and the prejudice that would result to either party from annulling or failing to annul the stay."  *Gasprom, Inc. v. Fateh (In re Gasprom, Inc.)*, 515 B.R. 765, 774 (C.D. Cal. 2014).  Further, the factors "are merely a framework for analysis and not a scorecard. In any given case, one factor may so outweigh the others as to be dispositive." *Fjeldsted v. Lien*, 293 B.R. at 25; *Merriman v. Fattorini (In re Merriman)*, 616 B.R. 381, 391 (B.A.P. 9th Cir. 2020) (courts are "not required to analyze each and every factor articulated in *Fjeldsted*, but [are] required to balance the equities . . .").  An analysis of the equities in this case establishes that relief from stay *nunc pro tunc* to the service date of the Termination Notice is appropriate.

    **1.    Retroactive Stay Relief Will Not Cause Perez Irreparable Harm.**

    Retroactive relief from stay will not cause Perez irreparable harm.  As established above, Perez only has a tenancy at will that can be terminated at will and this alone is sufficient cause for relief from stay.  Moreover, Perez was personally served with the Termination Notice.  Retroactive relief does not shorten her notice or otherwise alter Perez's rights or interests in any way.

    As to the Perez Estate, Trustee Gladstone has contacted counsel for the Perez Estate Trustee and received confirmation that the Perez Estate Trustee has no opposition to the relief requested.

    **2.    Retroactive Stay Relief Will Promote Efficiency.**

FINANCIAL
LAW GROUP

8

IN RE MONIKA KERBER PEREZ
CASE NO. 25-04318-JBM7
MOTION FOR RELIEF FROM STAY

1  Trustee Gladstone is indisputably entitled to relief from stay to terminate

2  Perez's occupancy of the Real Property. The Court's denial of retroactive stay relief

3  will only result in Trustee Gladstone having to re-serve the Termination Notice, at

4  additional cost to the Villa Chardonnay Estate, and the further delay of Trustee

5  Gladstone's efforts to market and sell the Real Property for the benefit of Villa

6  Chardonnay's creditors. Retroactive relief from stay, while not detrimentally

7  affecting Perez or the Perez Estate, will promote efficiency and benefit the Villa

8  Chardonnay Estate.

9  **3.  Trustee Gladstone Has Moved Expeditiously for Stay Relief.**

10  Trustee Gladstone has filed this Motion less than two weeks after personal

11  service of the Termination Notice and before taking any additional steps to terminate

12  Perez's occupancy of the Real Property, including initiating the Adversary

13  Proceeding. Further, by quickly seeking relief from stay, Trustee Gladstone has

14  ensured that the relief can be granted well before Perez is required to terminate her

15  occupancy of the Real Property under California law.

16  Retroactive relief from stay does not harm the rights and interests of Perez or

17  the Perez Estate but, instead will promote efficiency for the benefit of the Villa

18  Chardonnay Estate. Accordingly, the balancing of equities establishes that relief

19  from stay *nunc pro tunc* to February 24, 2026, is appropriate.

20  **IV.**

21  **CONCLUSION**

22  In light of the foregoing, Trustee Gladstone respectfully requests that the Court

23  enter an order:

24  (1)  granting this Motion in its entirety;

25  (2)  granting Trustee Gladstone relief from the automatic stay in the Perez

26  Case *nunc pro tunc* to February 24, 2026, to allow Trustee Gladstone to

27  pursue efforts to terminate Perez's occupancy of the Real Property

28

1 | through the termination of tenancy procedures set forth in the California

2 | Civil Code Section 1946, *et seq.* and the initiation of the Adversary

3 | Proceeding; and

4 | (4)   grant such other related relief and/or orders that the Court deems just

5 | and proper.

6 | Respectfully submitted,

7 | FINANCIAL LAW GROUP

10 | Dated:  March 6, 2026                    By:  /s/ Andrew B. Levin

11 | Andrew B. Levin, Esq.
Attorneys for Leslie T. Gladstone,

12 | Chapter 11 Trustee for the
Estate of Villa Chardonnay Horses

13 | With Wings, Inc.