MANATT, PHELPS & PHILLIPS, LLP
KEVIN P. DWIGHT (Bar No. CA 239476)
kdwight@manatt.com
CONNOR J. FARLEY (Bar No. CA 361715)
cfarley@manatt.com
203 Redwood Shores Parkway, Suite 125
Redwood City, CA 94065
Telephone:  (650) 812-1300
Facsimile:  (650) 213-0260

Counsel for Creditors
CELINE MYERS AND
THE ARK WATCH FOUNDATION

# UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Monika Kerber Perez**,**<br><br>        Debtor. | Case No. 25-04318-JBM7<br><br>Chapter 7<br><br>**CREDITORS CELINE MYERS AND THE ARK WATCH FOUNDATION'S EX PARTE APPLICATION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULE 2004, AUTHORIZING CREDITORS TO DEMAND THE EXAMINATION UNDER OATH AND PRODUCTION OF DOCUMENTS FROM (1) DEBTOR MONIKA KERBER PEREZ; (2) MERCEDES FLORES; (3) CALIFORNIA DEPARTMENT OF MOTOR VEHICLES AND (4) DEUTSCHE BANK**<br><br>Ctrm.:      Department 1, Room 218<br>           United States Bankruptcy Court<br>           325 West F Street<br>           San Diego, California 92101 |

404630278.1

Celine Myers and The Ark Watch Foundation (together, "Ark Watch") as creditor to Debtor Monika Kerber Perez (the "Debtor"), by its attorneys, hereby submits an ex parte application for an order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing Ark Watch's counsel to demand the examination under oath and the production of documents and/or electronic files from (1) the Debtor; (2) the Debtor's partner, Mercedes Flores, (3) the California Department of Motor Vehicles ("DMV"); and (4) Deutsche Bank in connection with this Chapter 7 bankruptcy proceeding. Specifically, Ark Watch believes the Debtor and foregoing third parties may possess information related to Debtor's assets not listed in Debtor's Schedules or Statement of Financial Affairs. Ark Watch respectfully sets forth and represents:

## BACKGROUND

1. On October 20, 2025 ("Petition Date"), Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code ("Bankruptcy Code").

2. Ark Watch timely filed Proofs of Claim Nos. 4 and 8 asserting secured claims of $2,289,774.43 and $203,132.63, respectively, against the Debtor.

3. On January 20, 2026, Ark Watch filed an adversary proceeding, Case No. 26-90011-JBM, objecting to the Debtor's discharge of the debt reflected in Proof of Claim No. 4 pursuant to 11 U.S.C. §§ 523(a)(6) and 727(a).

4. On February 23, 2026, the Chapter 7 Trustee issued a Report of No Distribution.

## SUMMARY OF RELIEF REQUESTED

5. This Court has jurisdiction over this Application by virtue of 28 U.S.C. §§ 157 (a) and (b) and 1334 (b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought by this application is Bankruptcy Rule 2004.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## SUMMARY OF RELIEF REQUESTED

7. For Ark Watch to conduct an analysis of the Debtor's financial affairs and evaluate the information provided in Debtor's Schedules and Statement of Financial Affairs, Ark Watch requires certain information and documents as set forth below.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

404630278.1

**MOTION**

8. By this application, Ark Watch seeks authorization to compel the examination under oath and production of documents and electronic files from (1) the Debtor, (2) Mercedes Flores, (3) the California Department of Motor Vehicles, and (4) Deutsche Bank.

9. Bankruptcy Rule 2004(a) provides that "upon the motion of any party in interest, the court may order the examination of any entity." Bankruptcy Rule 2004 is "the basic discovery device in bankruptcy cases" and permits "broad examination relating to 'the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.'" *In re Mastro*, 585 B.R. 587, 596-97 (B.A.P. 9th Cir. 2018) (quoting Fed. R. Bankr. P. 2004). "The scope of a 2004 examination is 'unfettered and broad' and is akin to a fishing expedition." *In re Subpoena Duces Tecum*, 461 B.R. 823, 829 (Bankr. C.D. Cal. 2011) (quoting *In re GHR Energy Corp.*, 33 B.R. 451, 453-54 (Bankr. D. Mass. 1983)).

10. Based on information received through discovery in a prior proceeding against the Debtor, the Debtor may possess additional vehicles, including a Porsche Boxster, an MG Roadster, a Lincoln Navigator, and a pickup truck, not listed in the Schedules. Ark Watch seeks discovery from the Debtor, Mercedes Flores, and the California Department of Motor Vehicles to assess whether Debtor is in possession on any vehicles that would have value to Debtor's estate.

11. Furthermore, Ark Watch believes that the Debtor may possess an account or be the beneficiary of a trust that has an account at Deutsche Bank. Ark Watch has also discovered information revealing that Debtor's partner, Mercedes Flores, may be the recipient of fraudulent or otherwise avoidable transfers from the trust or other account of the Debtor. As Ark Watch currently stands to have debt discharged in this case, Ark Watch requires discovery to confirm the Debtor's Schedules and Statement of Financial Affairs are accurate.

12. The adversary proceeding objecting to the discharge of Ark Watch's debt does not preclude the request for documents under Rule 2004. The adversary proceeding relates to the dischargeability of Proof of Claim No. 4 based on "willful and malicious injury" by the Debtor and the dischargeability of Debtor's debt under Section 727, while these subpoenas seek

information for purposes of evaluating the Debtor's property and financial condition. Since the Motion relates to a different matter than the adversary proceeding, the "pending proceeding" rule does not apply to this request. *In re Art & Architecture Books of 21st Century*, 2019 WL 9243053, at *6 (Bankr. C.D. Cal. Dec. 6, 2019); *In re Int'l Fibercom, Inc.*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002).

13. For the foregoing reasons, Ark Watch respectfully submits that it has demonstrated cause and right to request the examination under oath and production of documents and/or electronic files from the Debtor, Mercedes Flores, the DMV, and Deutsche Bank.

### NOTICE AND PROCEDURE

14. Ark Watch respectfully submits this Application ex parte, which is customary for these types of applications. The Debtor, Mercedes Flores, the DMV, and Deutsche Bank will have an opportunity to file a motion to quash or for a protective order in response to any subpoena served by Ark Watch. For the reasons noted above, Ark Watch respectfully submits that the foregoing procedures will give fair and adequate notice to Debtor and are consistent with Bankruptcy Rules 2004 and 9016.

15. A copy of the Proposed Order is annexed hereto as Exhibit "1" and submitted electronically herewith.

16. Ark Watch proposes that the documents are to be produced at the offices of its counsel, Manatt, Phelps & Phillips, LLP, 203 Redwood Shores Parkway, Suite 125, Redwood City, CA 94065.

17. In accordance with Rule 2004(c), Ark Watch proposes to serve (1) Debtor with subpoenas in the form set forth in Exhibit "2"; (2) Mercedes Flores with a subpoena in the form set forth in Exhibit "3"; (3) DMV with a subpoena in the form set forth in Exhibit "4"; and (4) Deutsche Bank with a subpoena in the form set forth in Exhibit "5".

### CONCLUSION

WHEREFORE, Ark Watch respectfully requests the Court to grant the Application, enter the proposed Order authorizing Ark Watch to conduct discovery pursuant to Bankruptcy Rule 2004 and 9016, and grant such other and further relief as the Court deems proper.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

404630278.1

Dated: June 5, 2026

MANATT, PHELPS & PHILLIPS, LLP

By: _____
Kevin P. Dwight
Attorney for Creditors
CELINE MYERS AND THE ARK
WATCH FOUNDATION

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

404630278.1