**EXHIBIT 2**

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SILICON VALLEY

404630278.1

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Southern _____  District of ____California_____

In re __Monika Kerber Perez_____
                    Debtor

Case No. 25-04318-JBM7

*(Complete if issued in an adversary proceeding)*

_____
                    Plaintiff
                      v.

Chapter 7

_____
                    Defendant

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Monika Kerber Perez_____
*(Name of person to whom the subpoena is directed)*

[X] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE  12730 High Bluff Dr. Suite 300<br>San Diego, CA 92130 | DATE AND TIME<br>7/7/26 at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method:  video, audio, live transcription

☐ *Production*:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                    CLERK OF COURT

                                    OR

_____          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Celine Myers and the Ark Watch Foundation__, who issues or requests this subpoena, are:

Kevin P. Dwight, Manatt, Phelps & Phillips LLP, 203 Redwood Shores Parkway Ste. 125, Redwood City, CA 94065, (415) 291-7464

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of ___California___

In re __Monika Kerber Perez__
<br>Debtor

*(Complete if issued in an adversary proceeding)*

Case No. ___25-04318-JBM7___

Chapter __7__

_____
<br>Plaintiff
<br>v.
<br>_____
<br>Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___Monika Kerber Perez_____
<br>*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment

| PLACE  203 Redwood Shores Parkway, Suite 125<br>Redwood City, CA 94065 | DATE AND TIME<br>7/7/26 at 10:00 am |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____
<br>*Signature of Clerk or Deputy Clerk*

_____
<br>*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
<br>Celine Myers and the Ark Watch Foundation, who issues or requests this subpoena, are:
<br>Kevin P. Dwight, Manatt, Phelps & Phillips LLP, 203 Redwood Shores Parkway Ste. 125, Redwood City, CA 94065, (415) 291-7464

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


   I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## DEFINITIONS

For purposes of this discovery request, the following terms shall have the following defined meanings:

1.     "KERBER," "DEBTOR," "YOU," and "YOUR" shall refer to Debtor Monika Kerber, Founder, President, and Chief Executive Officer of Villa Chardonnay-Horses with Wings ("Villa Chardonnay").

2.     "FLORES" means Mercedes Flores, whose Social Security Number ends in 7443.

3.     "DOCUMENT" or "DOCUMENTS" shall mean and include any and all written, recorded or graphic matter, however stored, produced, or reproduced, including ELECTRONICALLY-STORED INFORMATION, which constitute a "writing" within the meaning of California Evidence Code Section 250, and includes without limitation, originals, copies (with or without notes or changes), drafts (whether used or not), working papers, handwriting, typewriting, printing, photostating, photographing, mechanical, magnetic, tape, video, or electronic recording, and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof.  The reference to "DOCUMENT" includes, without limitation, abstracts, analyses, books, calendars, comments, correspondence, diagrams, letters, notes, electronic mails, instant and text messages, telegrams, cables, memoranda, logs, minutes, phone logs, reports, drafts, lists, notebooks, employment records, diaries, financial records, agreements, contracts, binders, applications, records, notices, summaries or material of any sort memorializing, acknowledging, summarizing, reflecting or otherwise relating to any meetings or other oral communications or conversations, transcripts, transcriptions of notes, work papers, worksheets, and any other writings or tangible things on which any forms of communication are recorded, stored, or reproduced, as well as all notations on the foregoing, and originals and all drafts and copies of all of the above which are not absolutely identical.  To the extent that YOU have possession, custody or control of any DOCUMENTS or other material responsive to these requests, which constitutes, is contained

in, or stored or represented on computer disk, diskette, magnetic tape, audiotape, videotape, compact disc, computer database, computer network, microfiche, film or other media that store information, text data electronically, magnetically or mechanically, it shall be within the meaning of DOCUMENT as stated here and YOU are required to produce duplicates of all such information either in hard copy form or in any other form such that the information or material is accessible. All DOCUMENTS produced as electronically stored information shall be produced as a forensic copy in native format with metadata intact.

4.      "COMMUNICATION" or "COMMUNICATIONS" shall mean and include every manner and means of disclosure, transfer or exchange of information, whether orally or by DOCUMENT, or whether by face-to-face, letters, memoranda, reports, telephone, telecopier, telegram, telexes, mail, e-mail, text message, facsimile, computer, personal delivery, overnight delivery or otherwise.

5.      "REGARDING" or "RELATED TO" or "RELATE" or "REFER" shall mean, in addition to their customary and usual meanings, addressing, identifying, discussing, concerning, reflecting, constituting, supporting, evidencing, stating, showing, analyzing, evaluating, summarizing, recording, memorializing, disputing, relating to, regarding, referring to, contradicting, rebutting or responding to, dealing with, bearing upon or in any way pertaining to, whether directly or indirectly.

### INSTRUCTIONS

1.      YOU shall produce DOCUMENTS described below as they are kept in the ordinary course of business or YOU shall organize and label the documents to correspond with the categories of documents described below.

2.      If YOU object to a demand for inspection, YOU shall identify with particularity any document falling within any category of item in the request to which an objection is being made and set forth clearly the extent of, and a specific ground for, the objection.

3.      If any DOCUMENT encompassed by this request is withheld by YOU on the basis of a claim of privilege, a list shall be furnished at the time the DOCUMENTS are produced

identifying any such DOCUMENT for which any privilege is claimed, together with the following information regarding such DOCUMENT: (a) the author; (b) the recipient; (c) the sender; (d) the identity of any persons indicated as being copied on the DOCUMENT or being sent a "blind copy," and the identity of any other person who received a copy; (e) the date of the DOCUMENT; (f) its general subject matter; (g) the basis on which the privilege is claimed; and (h) the number of the request or the specific request to which such DOCUMENT is responsive.

4.      In the event any DOCUMENT or tangible thing called for by this request has been destroyed, lost, discarded or otherwise disposed of, each such DOCUMENT shall be identified as completely as possible, and YOU shall provide at a minimum the following information with respect to each such DOCUMENT to the extent known: (a) date of disposal, loss, discarding or destruction; (b) manner of disposal, discarding or destruction; (c) reason for disposal, discarding or destruction; (d) person authorizing disposal, discarding or destruction; and (e) person disposing of, discarding or destroying each such DOCUMENT or tangible thing.

**REQUEST FOR PRODUCTION NO. 1:**

Any and all DOCUMENTS that CONCERN or refer to any account(s) YOU share with FLORES, including, but not limited to, account opening statements, account statements, account closing statement, account notices, checks, deposits slips, transfers, withdrawals and any other related DOCUMENTS or COMMUNICATIONS, from January 1, 2020 to present.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that CONCERN the personal tax records filed by YOU with local, state and federal tax authorities, from January 1, 2020 to present.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all DOCUMENTS that CONCERN or refer to any income tax liabilities incurred by YOU, from January 1, 2020 to present.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that CONCERN any transfers to FLORES from bank account(s) associated with YOU, from January 1, 2020 to present.

3

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that CONCERN any transfers to FLORES from trust account(s) associated with YOU, from January 1, 2020 to present.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS between YOU and FLORES that CONCERN the transfer of funds from or to any account associated with YOU, from January 1, 2020 to present.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and COMMUNICATIONS that CONCERN YOUR receipt of income and/or other funds between January 1, 2023 – December 31, 2024 that are the subject of a Notice of Federal Tax Lien.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that CONCERN any transfers to YOU from bank account(s) associated with Villa Chardonnay – Horses With Wings, from January 1, 2020 to present.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that CONCERN any transfers to YOU from bank account(s) associated with Noah's Ark of Villa Trust, from January 1, 2020 to present.

**REQUEST FOR PRODUCTION NO. 70:**

Any and all DOCUMENTS that CONCERN or refer to any vehicles associated with KERBER, including, but not limited to, make and model information, registration statements, Vehicle Identification Numbers, transfer history and any other related DOCUMENTS or COMMUNICATIONS, from January 1, 2025 to present.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that CONCERN any vehicles currently registered to YOU.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that CONCERN any transfers to YOU from bank account(s) associated with Royal Horse Association, from January 1, 2020 to present.

4

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that CONCERN any transfers to YOU from bank account(s) associated with Aleli Global, from January 1, 2020 to present.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that CONCERN any transfers to YOU from bank account(s) associated with Empress International Group, from January 1, 2020 to present.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS and COMMUNICATIONS between YOU and FLORES that CONCERN the transfer of funds from or to any account associated with Royal Horse Association, from January 1, 2020 to present.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS and COMMUNICATIONS between YOU and FLORES that CONCERN the transfer of funds from or to any account associated with Aleli Global, from January 1, 2020 to present.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS and COMMUNICATIONS between YOU and FLORES that CONCERN the transfer of funds from or to any account associated with Empress International Group, from January 1, 2020 to present.

5