**EXHIBIT 4**

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Silicon Valley

404630278.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of _____ California _____

In re ___ Monika Kerber Perez _____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _25-04318-JBM7_____

Chapter _7_____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___ State of California Department of Motor Vehicles _____

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE   203 Redwood Shores Parkway, Suite 125 Redwood City, CA 94065 | DATE AND TIME 7/7/26 at 10:00 am |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Celine Myers and the Ark Watch Foundation who issues or requests this subpoena, are:

Kevin P. Dwight, Manatt, Phelps & Phillips LLP, 203 Redwood Shores Parkway Ste. 125, Redwood City, CA 94065, (415) 291-7464

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                    _____
                                                                    *Server's signature*


                                                    _____
                                                                    *Printed name and title*


                                                    _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT 1

Pursuant to Bankruptcy Rule 2004, Creditors Celine Myers and The Ark Watch Foundation (collectively, "Creditors") hereby request that non-party Deutsche Bank produce the requested documents for inspection and copying by Creditors.

## DEFINITIONS

1.     "DMV," "YOU," and "YOUR" means the State of California Department of Motor Vehicles and any agents, employees, representatives, and person acting on its behalf.

2.     "KERBER" means Monika Kerber, whose Social Security Number ends in 9232.

3.     "FLORES" means Mercedes Flores, whose Social Security Number ends in 7443.

4.     "DOCUMENT" or "DOCUMENTS," unless otherwise indicated, are used in their customarily broad sense and refer to and mean all writings, as defined in section 1001 of the Federal Rules of Evidence, and other tangible things of any nature whatsoever, and include, but are not limited to, all writings, emails, ELECTRONICALLY-STORED INFORMATION (defined below), medical records, drawings, graphs, charts, photographs, phone records, other data compilations, or storage devices from which information can be obtained (even if such information must be translated into a reasonably usable form), magnetically recorded or stored information generated by a computer, contracts, agreements, communications, correspondence, telegrams, memorandums, records, reports, books, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, forecasts, statistical statements, work papers, drafts, accounts, analytical records, minutes or records of meetings or conferences, records, reports or summaries of negotiations, brochures, pamphlets, circulars, calendars, notes, marginal notations, bills, invoices, checks, lists, journals, advertising, and all other written, printed, recorded or photographic matter or sound reproductions, or tangible representations of things, however produced or reproduced, and all nonidentical copies of the foregoing.

5.     "COMMUNICATION(S)" shall mean and refer to any oral, written, in-person, or any other form of relay, transmission, or transference of information by any means whatsoever,

including, but not limited to, meetings, conferences, mail, computer, telephone, letter, telefax, facsimile, voicemail, electronic mail (including accompanying attachments), mobile messages, text messages, radio, video, sound recordings, television, notes, memoranda, or any other medium.

6.     The terms "CONCERN" or "CONCERNING" mean, in addition to its customary and usual meanings, addressing, discussing, pertaining to, relating to, regarding, referring to, reflecting, constituting, supporting, contradicting, evidencing, disproving, stating, showing, analyzing, evaluating, summarizing, recording, memorializing, and disputing.

7.     The terms "ELECTRONICALLY-STORED INFORMATION" and "ESI" shall mean information that is stored in any electronic medium.  ESI includes, but is not limited to, sound recordings, video recordings, digital photographs, voice mail messages recorded electronically and in writing, text messages, records of Internet searches, "deleted files" that can be recovered, web pages, graphs, charts, photographs, spreadsheets, word processing files, audio and video files, images, databases, graphics and presentation documents, text files, instant messages, transaction logs, internet data, computer logs, backup materials, computer programs, electronic mail (including message contents, header information and logs of electronic mail usage), output resulting from the use of any software program, including electronic, digital, or any other recorded material whatsoever, including but not limited to, any notes, memoranda, affidavits, statements, papers, files, forms, data, tapes, printouts, letters, reports, communications, contracts, agreements, telegrams, records, financial records, applications, correspondence, diaries, calendars, recordings and transcriptions of recordings, e-mail messages and printouts, diagrams, or any other writings, however produced or reproduced, telephone logs, contact manager information, Internet usage files, PDF files, .JPG files, .TIF files, .TXT files, batch files, ASCII files, and any and all miscellaneous files and data and shall include all active data, deleted data, file fragments, metadata, native file formats and forensic images thereof.

8.     "PERSON(S)" shall mean and refer to any natural person, firm, partnership, association, corporation, limited liability company, governmental agency, bank, trust, or other

form of legal entity.

## **INSTRUCTIONS**

1.  The documents requested herein include all responsive documents in YOUR possession, custody, or control, regardless of whether such documents are possessed by YOU personally or by YOUR agents, employees, representations, affiliates, members, accountants, investigators, or YOUR attorneys or their agents, employees, representatives, or investigators.

2.  If any DOCUMENT or COMMUNICATION encompassed by this request is withheld by YOU on the basis of a claim of privilege, a list shall be furnished at the time the DOCUMENTS and COMMUNICATIONS are produced identifying any such DOCUMENT or COMMUNICATION for which any privilege is claimed, together with the following information regarding such DOCUMENT or COMMUNICATION: (a) the author; (b) the recipient; (c) the sender; (d) the identity of any persons indicated as being copied on the DOCUMENT or COMMUNICATION or being sent a "blind copy," and the identity of any other person who received a copy; (e) the date of the DOCUMENT or COMMUNICATION; (f) its general subject matter; (g) the basis on which the privilege is claimed; and (h) the number of the request or the specific request to which such DOCUMENT or COMMUNICATION is responsive.

3.  In the event any DOCUMENT, COMMUNICATION, or tangible thing called for by this request has been destroyed, lost, discarded or otherwise disposed of, each such DOCUMENT or COMMUNICATION shall be identified as completely as possible, and YOU shall provide at a minimum the following information with respect to each such DOCUMENT or COMMUNICATION to the extent known: (a) date of disposal, loss, discarding or destruction; (b) manner of disposal, discarding or destruction; (c) reason for disposal, discarding or destruction; (d) person authorizing disposal, discarding or destruction; and (e) person disposing of, discarding or destroying each such DOCUMENT, COMMUNICATION, or tangible thing.

4.  If any DOCUMENT relates to these requests is no longer in your possession because it has been returned to an individual or entity, please provide the following information:

(i) the place, date (or approximate date), and manner of recording or otherwise preparing the DOCUMENT; (ii) the name and title of sender, and the name and title of the recipient of the DOCUMENT; (iii) a summary of the contents of the DOCUMENT; (iv) the identity of each person or persons (other than stenographic or clerical assistance) participating in the preparation of the DOCUMENT; (v) the identity of all persons having knowledge of the substance of the DOCUMENT; (vi) the date on which it was returned; (vii) the reason it was returned; and (viii) whether the claimed return occurred as a result of any policy.  If so, describe the policy.

5.      Each document request shall be deemed continuing, and you are required to supplement his production of documents promptly upon obtaining additional responsive documents.

6.      All DOCUMENTS are to be produced as they are kept in the usual course of business with any identifying labels, file markings, or similar identifying features.  If a portion of a DOCUMENT is responsive, the entire DOCUMENT is to be produced.  DOCUMENTS attached to each other or contained in a file, folder, or similar binder should not be separated.  If there are no DOCUMENTS responsive to any particular request or category, please so state in writing.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all DOCUMENTS that CONCERN or refer to any vehicles associated with KERBER, including, but not limited to, make and model information, registration statements, Vehicle Identification Numbers, transfer history and any other related DOCUMENTS or COMMUNICATIONS, from January 1, 2025 to present.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all DOCUMENTS that CONCERN or refer to any vehicles associated with FLORES, including, but not limited to, make and model information, registration statements, Vehicle Identification Numbers, transfer history and any other related DOCUMENTS or COMMUNICATIONS, from January 1, 2025 to present.

**<u>REQUEST FOR PRODUCTION NO. 3:</u>**

All DOCUMENTS that CONCERN any vehicles currently registered to KERBER.

**<u>REQUEST FOR PRODUCTION NO. 4:</u>**

All DOCUMENTS that CONCERN any vehicles currently registered to FLORES.

**<u>REQUEST FOR PRODUCTION NO. 5:</u>**

All DOCUMENTS that CONCERN any vehicles currently registered to Noah's Ark of Villa Trust.